### BLAKELY v. CURCADEN.

A voluntary association, formed for legal purposes, but not incorporated, may maintain an action for the recovery of its just property in the name of its proper officer, without being under the necessity of making all the members of the association parties.

THIS was an action brought by the plaintiff, as master of a lodge of Free Masons, who had duly received a charter from the grand lodge, to recover from the defendant, money in his hands belonging to the association.

The defendant demurred to the bill of complaint for want of parties, insisting that all the members of the lodge should be brought in, and also that the bill assumes that the lodge is an incorporation, without averring that it is so, and giving the defendant an opportunity of controverting it.

*Edmonds, J.:* The general rule is that all parties in inter-

est must be made parties to the suit. But there are excep-
tions to this. One is, where the question is one of common
interest, and one or more sue for the benefit of all.

Another exception is, where the parties form a voluntary
association for public or private purposes, and those who sue
may fairly be presumed to represent the rights and interests of
the whole. (Story Eq. Pl. § 97, §§ 107 to 115; *Richardson*
v. *Hastings*, London Jurist, March, 1844, p. 208.)

In the first case it must appear that the parties are too
numerous to be all brought in, and that the suit is brought
for the benefit of all. But in the latter case it is only neces-
sary to allege that the suit is brought for the benefit of all.
This bill contains such an allegation, and prays that the
money may be ordered to be paid to the plaintiff, as master
of the lodge, for the benefit of the society, and the demurrer
admits, not only that the money in the defendant's hands
belongs to the society, of which the plaintiff is the presiding
officer, but that also, by virtue of his office, he is entitled to
act as trustee for the society in respect to their funds.

This, then, is clearly a case within the exception to the rule,
and while, on the one hand, to require of all the members of
a numerous and fluctuating body to be made parties, might
amount to a denial of justice, it is very evident, on the other
hand, that the defendants would be safe in paying the money
to the plaintiff in this suit, and could be adequately pro-
tected against any demand for it from any other quarter.

The objection, for want of parties, must be overruled.

Another objection, however, is urged by the demurrer, and
that is, that the plaintiff assumes in his bill the title of a
corporation. He decribes himself throughout as master of
the lodge, and in that capacity brings his suit.

The only case I find which goes to sustain the position
taken by the demurrer in this respect, is *Lloyd* v. *Loaring* (6
Ves. 773). It is true that Story in his Equity Pleading (§
497), recognizes the principle in the language used by Lord
Elden in 6 Vesey, but none of the cases which he cites, except
that, sustain his position, and he overlooks the great doubt

and hesitation expressed by Lord Eldon in the case, and the fact that he virtually overruled his decision in that very case.

Perhaps in the broad language used by Story, viz.: that if a voluntary association, not incorporated, should affect to sue in the style and character of a corporate body, the bill would be demurrable, the doctrine might be properly sustained. But I should very much doubt the propriety of sustaining it in the case which he puts, where to make out their title to sue in behalf of a voluntary association, the plaintiffs should set out their constitution and by-laws, and the stations which they occupied under them. Such a case would rather come under the rule stated by Lord Eldon, that individuals forming a voluntary association, may as individuals, and not as a society, have such a joint interest in property that this court will take notice of it.

The decision of Lord Eldon was in 1802, and is not binding on this court as authority, and I can find no case in this country where it has been followed.

It was founded upon the idea that the court ought not to sit to determine upon charters granted by persons who have not the *prerogative* to grant charters. The alarm expressed by the Lord Chancellor at the invasion of this prerogative, will not be likely to be participated in here, and our courts will not find themselves called upon so strongly to resist the mere appearance of such invasion.

I should, therefore, hesitate about incorporating the princi- ples of that case into our jurisprudence.

But even if it were incorporated, I do not see that it would affect this case.

Here the plaintiff describes himself as master of the lodge, and sets out the constitution, etc., of the fraternity for the purpose merely of showing his right to sue as trustee for the society, and of showing that the right assumed by Bennet to release the claim against the defendants was unfounded, and he prays that the money owing by the defendants may be paid to him for the said society.

It would be a somewhat extravagant construction of this

language, to hold that this statement of his title to sue for his associates was "a great affectation, of a corporate character." He had no such purpose.

Upon all the grounds taken I must overrule the demurrer.